1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6                         EUREKA DIVISION

7

8    CHRISTOPHER WERTS ROSEMAYER,        Case No.  20-cv-06310-RMI

9              Plaintiff,

10        v.                             **ORDER RE: MOTION FOR
                                         ATTORNEYS' FEES**

11   KILOLO KIJAKAZI,                    Re: Dkt. No. 31

12             Defendant.

13

14        Plaintiff seeks an attorneys' fee award in the sum of $11,424.09. *See* Pl.'s Sur-Sur-Reply

15   Br. (dkt. 37) at 4. Defendant submits that Plaintiff should be awarded "no more than $2,000 in

16   EAJA fees." *See* Def.'s Sur-Reply (dkt. 36) at 2. Much to the court's disappointment, counsel for

17   the Parties have spent considerable time and effort in accusing one another of misconduct,

18   intemperance, and unprofessionalism (*see* dkts. 23, 24, 25, 32, 33, 34, 36, 37). The disintegration

19   of the professional relationship between the attorneys in this case is both lamentable and highly

20   impractical from the court's perspective. But for the erosion of this relationship – this case could

21   have, and indeed should have, been the subject of a stipulated remand for further proceedings as

22   the court ultimately found (*see* Order of Remand (dkt. 29)).

23        For the reasons stated in the order remanding for further proceedings, the undersigned is

24   not persuaded that Plaintiff had a substantial basis for seeking a remand for calculation and

25   immediate payment of benefits – or, put another way, the record in this case was by no measure of

26   estimation fully or properly developed such that further administrative proceedings would not

27   have been required. Accordingly, Plaintiff would have been well-served accepting Defendant's

28   invitation to execute a stipulated remand as doing so would have saved this court (and Plaintiff's

United States District Court
Northern District of California

1    counsel) considerable expenditures of time that (in retrospect) appear to have been largely wasted.

2    In light of that, it should be clearly noted here and now that the undersigned is disinclined to

3    award anywhere in the vicinity of $11,242.09 in attorneys' fees to Plaintiff's counsel. At the same

4    time, it may be possible that Defendant's proposal (in the order of $2,000) could be – by a small

5    measure – perhaps a bit too low to fully account for Plaintiff's counsel's review of the record that

6    might have resulted in either a summary judgment motion that would more closely have

7    resembled the court's analysis, or such that Plaintiff's counsel could intelligently accept

8    Defendant's invitation for a stipulated remand for further proceedings.

9         Accordingly, counsel for the Parties are **ORDERED** to meet and confer forthwith in a

10   good faith and sincere effort: (1) to repair the damage to their professional relationship such that

11   they can work together productively and professionally on this case and on future cases as need

12   be; and (2) to arrive at a negotiated stipulation for EAJA fees in this case in light of the totality of

13   the circumstances involved – including, and especially, in light of the vast differences between

14   Plaintiff's summary judgment motion and this court's remand order. Thus, Plaintiff's counsel is

15   particularly encouraged to take those negotiations seriously. Therefore, no later than 12:00 noon

16   on Thursday, April 14, 2022, the Parties are **FURTHER ORDERED** to either file a stipulated

17   resolution to their EAJA fee dispute, or a jointly-filed notice stating that counsel met and

18   conferred as described herein (including the date, time, and length of that conference) but failed to

19   resolve the issue.

20        **IT IS SO ORDERED.**

21   Dated: April 7, 2022

22

23   _____

24   ROBERT M. ILLMAN
     United States Magistrate Judge

25

26

27

28

United States District Court
Northern District of California